# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

CASEY ATES,

    Plaintiff,

v.

ROBERT ADAMS,

    Defendant.

CIVIL ACTION NO.: 6:15-cv-100

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action while an inmate at Jenkins Correctional Center in Millen, Georgia. (Doc. 1.) A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. After review, the Court **VACATES** its September 25, 2015 Order, (doc. 4), and **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis*, (doc. 2.). I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, without prejudice, pursuant to 28 U.S.C. § 1915(g), and **DENY AS MOOT** his Motion for a Preliminary Injunction, (doc. 3).[1] I further **RECOMMEND** that the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is barred and

PLAINTIFF'S ALLEGATIONS

When filing his Complaint, Plaintiff used a form entitled "Petition for Mandamus." (Doc. 1.) However, it appears that he seeks to assert claims for violation of his constitutional rights under Section 1983. Id. Plaintiff asserts that he possesses certain rights, including the rights to access the law and legal process, and he asks that the Court require Defendant, the Warden of Jenkins Correctional, to allow him to exercise those rights. Id. However, Plaintiff provides no facts whatsoever in support of his Complaint. Id. He does not allege how Defendant supposedly violated his rights. Id. Plaintiff filed an Amended Complaint on October 19, 2015. (Doc. 7.) However, this filing also only makes conclusory requests, such as asking that Defendant "stop tampering with legal mail" and stop denying access to a law library. Id. Again, Plaintiff provides no facts in support of his claims. Id. Plaintiff also filed a Motion for a Preliminary Injunction or Temporary Restraining Order that is equally bereft of any factual allegations and seeks similar relief as his Complaint regarding the access to courts. (Doc. 3.)

**DISCUSSION**

**I.  Section 1915(g)**

28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

28 U.S.C. § 1915(g). Furthermore, dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process"). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera, 144 F.3d at 731. The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under Section 1915(g): See Order, Ates v. Lancaster, No. 5:15-cv-55 (M.D. Ga. April 6, 2015), ECF No. 5 (dismissing Plaintiff's mandamus petition for failure to state a claim); Order, Ates v. Arnold, 5:15-cv-21 (M.D. Ga. Feb. 13, 2015); ECF No. 8 (dismissing Plaintiff's complaint for failure to state a claim); Order, Ates v. Bibb Cty., 5:12-cv-471 (M.D. Ga. Jan. 11, 2013), ECF No. 7 (dismissing Plaintiff's

petition for failure to state a claim); Order, Ates v. Arnold, 5:11-cv-403 (M.D. Ga. July 30, 2012), ECF No. 45 (dismissing Plaintiff's complaint for failure to exhaust administrative remedies).[2] Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create

---

[2] As noted above, the form Plaintiff used to file this action is titled "Petition for Mandamus." However, this case is properly construed as a Section 1983 action. Additionally, two of Plaintiff's cases that count as strikes under Section 1915(g) were ostensibly filed as mandamus petitions. However, "[p]etitions for Mandamus against either federal officials or against state officials qualify as 'civil actions' under 28 U.S.C. § 1915(g)." Bure v. Miami-Dade Cty. Corr. & Rehab. Dep't, No. 08-23331-CIV, 2009 WL 35238, at *4 (S.D. Fla. Jan. 5, 2009) (citing In Re: Billy D. Jacobs, a/k/a Ya qub, 213 F.3d 289 (5th Cir.2000); Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996); In Re: Michael C. Washington, 122 F.3d 1345 (10th Cir. 1997); Hicks v. Brysch, 989 F. Supp. 797 (W.D. Tex. 1997)); see also In re Smith, 114 F.3d 1247, 1250 (D.C. Cir. 1997) ("[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus[.]); Green, 90 F.3d at 418 ("Allowing prisoners to continue filing actions as they had before enactment of the [PLRA], merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'"); In re Nagy, 89 F.3d 115, 117 (2d Cir. 1996) ("[I]f a prisoner, contemplating the filing of a complaint . . . under 42 U.S.C. § 1983, decided to avoid liability for filing fees and instead sought comparable relief by applying for a writ of mandamus . . . the PLRA provisions should normally apply."); Tate v. Price, No. CIV A 2:09CV221-TMH, 2009 WL 1034965, at *1 (M.D. Ala. Apr. 16, 2009) ("claims are civil in nature and governed by the provisions of the PLRA which prevent [petitioner] from proceeding in forma pauperis on these claims due to his violation of the three-strikes provision."); Hernandez v. Century Corr. Inst., No. 307CV185/LAC/EMT, 2007 WL 2376280, at *2 (N.D. Fla. Aug. 15, 2007).

the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff should not be excused from prepaying the filing fee because of the imminent danger of serious physical injury. His Complaint does not allege any facts, much less any facts indicating he is at risk of imminent danger. Therefore, Section 1915(g) bars him from proceeding *in forma pauperis* in this case. Should Plaintiff choose to prosecute these claims while incarcerated, he must bring a separate action and pay the full filing fee.

## II.    Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

---

[3] A certificate of appealablity is not required in this Section 1983 action.

5

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should deny him *in forma pauperis* status on appeal.

## CONCLUSION

The Court **VACATES** the Order dated September 25, 2015, (doc. 4), and **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis*, (doc. 3). I also **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, without prejudice, **DENY AS MOOT** Plaintiff's Motion for a Preliminary Injunction, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or

recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 12th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA